

Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)
**(Cite as: 1988 WL 113752 (Minn.App.))**

Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.
STATE of Minnesota, Respondent,
v.
Charles WEISMAN, Appellant.

No. **CO-88-811**.
Nov. 1, 1988.
Review Denied Dec. 16, 1988.

Appeal from District Court, Hennepin County; Hon. Robert G. Schiefelbein, Judge.
Hubert H. Humphrey, III, Attorney General, Jeffrey S. Bilcik, Special Assistant Attorney General, St. Paul, Frank LaGrange, Assistant City Attorney, City of Minneapolis, Minneapolis, for respondent.

Charles Weisman, pro se.

Considered and decided by RANDALL, P.J., and SHORT and HACHEY, [FN*] JJ., without oral argument.

UNPUBLISHED OPINION
RANDALL, Judge.

FACTS

*1 Appellant Charles A. Weisman appeals from conviction of three traffic violations, namely: (1) Minn.Stat. § 171.02 (1986), no driver's license; (2) Minn.Stat. § 169.79 (1986), failure to display license plates; and (3) Minn.Stat. § 169.16 (1986), speeding on bridge. Appellant claims various motor vehicle and traffic statutes are unconstitutional because they infringe upon his constitutional right to travel on the public roads. He claims the statutes therefore do not apply to him and the trial court erred by using these statutes in convicting him.

On October 24, 1987, appellant was driving an automobile on the Tenth Avenue bridge in Minneapolis when a police officer stopped him for speeding on the bridge. The officer had been monitoring traffic with a custom CR-10 radar unit while parked on the bridge. When asked for his driver's license, appellant replied, "I don't have a [driver's] license, I'm not required to have a license." Appellant then refused to produce any identification, saying he was not required to have identification. When appellant also refused to give his name, the officer arrested him charging him with speeding on a bridge (46 m.p.h. in a posted 30 m.p.h. zone), no driver's license and no license plates displayed on the vehicle.

Appellant appeared pro se at trial. When he raised a constitutional challenge to the statutes, the court continued the trial and noticed the attorney general. Four weeks later, trial reconvened. On cross-examination appellant admitted he did not have a driver's license or license plates or tabs on the front or back of his vehicle. Although appellant did not admit to speeding, he did not challenge the officer's testimony or the radar reading. Rather, appellant challenged the constitutionality of various motor vehicle and traffic statutes claiming they violated his constitutional right to travel upon public roads.

The trial court found that the challenged statutes were constitutional, and that appellant did not meet his burden of proving the statute unconstitutional beyond a reasonable doubt. The trial court found sufficient evidence to convict appellant of the crimes charged and sentenced him to a $100 fine or a $40 fine and six days. The sentence was stayed pending this appeal.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)
**(Cite as: 1988 WL 113752 (Minn.App.))**

We affirm.

### DECISION

We find appellant did not meet his burden of proving the challenged motor vehicle and driver licensing statutes unconstitutional beyond a reasonable doubt. The trial court did not err by holding appellant must have a valid driver's license, must display current license plates, and finding that appellant drove unlawfully in excess of speed regulations.

The Minnesota Supreme Court has defined the role of courts addressing the constitutionality of legislative enactments:

In cases that challenge the constitutionality of a statute, the law is presumed to be constitutional. *Head v. Special School District No. 1,* 288 Minn. 496, 506, 182 N.W.2d 887, 894 (1970), certiorari denied sub nom., *Minneapolis Federation of Teachers Local 59 v. Spannaus,* 404 U.S. 886 (1971). An act will not be found unconstitutional unless its invalidity is clear or it is shown beyond a reasonable doubt to violate the constitution. E.g., *Grobe v. Oak Center Creamery Co.,* 262 Minn. 60, 61, 113 N.W.2d 458, 459 (1962); *State v. Lanesboro Produce & Hatchery Co.,* 221 Minn. 246, 255, 21 N.W.2d 792, 796 (1946). We declare a law unconstitutional only if absolutely necessary, and then only with great caution. E.g., *City of Pipestone v. Madsen,* 287 Minn. 357, 363, 178 N.W.2d 594, 598 (1970); *Minneapolis Gas Co. v. Zimmerman,* 253 Minn. 164, 173, 91 N.W.2d 642, 650 (1958); *State v. Lanesboro Produce & Hatchery Co.,* 221 Minn. 255, 21 N.W.2d 796.

**\*2** *State on Behalf of Forslund v. Brouson,* 305 N.W.2d 748, 751 (Minn.1981) (quoting *City of Richfield v. Local No. 1215,* 276 N.W.2d 42, 45 (Minn.1979)).

The burden of proof on the question of constitutionality is on the party seeking to set the law aside. *Minneapolis Fed'n of Teachers Local 59 v. Obermeyer,* 275 Minn. 347, 147 N.W.2d 358 (1966). The court should not declare a legislative act unconstitutional unless it is satisfied, after careful consideration, that the act conflicts with some provision of the state or federal constitution. *See Minneapolis Gas Co. v. Zimmerman,* 253 Minn. 164, 91 N.W.2d 642 (1958).

An appellate court is not bound to a trial court's determination of a question of law. *Frost-Benco Elec. Ass'n. v. Minnesota Public Utilities Com'n,* 358 N.W.2d 639 (Minn.1984). Where the trial court error claimed is one that affects the substantial justice of the case or the legal right of a party, it is a question of law. *Naxtera v. Wathan,* 159 N.W.2d 513 (Iowa 1968).

I.

*Driver Licensing*

Appellant challenges his conviction for violating Minn.Stat. § 171.02 (1986) which provides in pertinent part:

Subdivision 1. No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon any street or highway in this state unless such person has a license valid under the provisions of this chapter for the type or class of vehicle being driven.

Appellant argues requiring a driver's license: (1) encroaches on his constitutional right to travel; (2) makes his "natural liberty of locomotion subordinate to the license"; (3) implies that the right to travel is a privilege to be licensed by the state, rather than a fundamental constitutional right; and (4) serves no legitimate or functional purpose in securing public safety since the courts do not find the automobile a dangerous instrument.

The United States Supreme Court has consistently recognized "the right of a United States citizen to

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)
**(Cite as: 1988 WL 113752 (Minn.App.))**

travel from one state to another and to take up residence in the State of his choice" as a right protected by the federal constitution. *Jones v. Helms,* 452 U.S. 412, 418 (1981). The textual source of this right has been the subject of debate. *See Shapiro v. Thompson,* 394 U.S. 618, 629-31 (1969); *United States v. Guest,* 383 U.S. 745, 757-59 (1966). "The right to travel has been described as a privilege of national citizenship * * * protected by the privileges and immunities clause of the Fourteenth Amendment against state interference." *Jones,* 452 U.S. at 418; *Edwards v. California,* 314 U.S. 160 (1941). It has also been described as "an aspect of liberty that is protected by the Due Process Clause of the Fifth and Fourteenth Amendments." *Jones,* 452 U.S. at 418-19 & n. 13 (citing *Williams v. Fears,* 179 U.S. 270 (1900)). "Whatever its source, a State may neither tax nor penalize a citizen for exercising his right to leave one State and enter another." *Jones,* 452 U.S. at 419.

**\*3** The right to travel is basically a right to travel unrestricted by unreasonable government interference or regulation. *Tetalman v. Holiday Inn,* 500 F.Supp. 217, 218 (N.D.Ga.1980). The test of constitutionality of a statute which infringes upon the right to travel is not actual deterrence but rather the presence of a penalty on its exercise. *Strong v. Collatos,* 450 F.Supp. 1356, 1360 (D.Mass.1987), *aff'd* 593 F.2d 420, 422 (1st Cir.1979) (requirement which operates to impose some loss, hardship or disadvantage on exercise of right to travel may be said to "penalize" that right and plaintiff need not show deterrent effect or intent). A compelling state interest is necessary to impinge the right to travel, and legislation which serves to penalize the right to interstate travel is subject to strict scrutiny. *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 258 (1974); *Shapiro,* 394 U.S. 618 (1969). A rational basis test applies where the right to travel has not been penalized. *Beil v. City of Akron,* 660 F.2d 166 (6th Cir.1981).

Appellant argues the right to travel by a citizen on the public roads is a fundamental and constitutional right and includes the use of an automobile as a means of conveyance. The thrust of his argument is that certain motor vehicle statutes are unconstitutional because they infringe upon his right to travel. Although on appeal appellant argues that various motor vehicle statutes are unconstitutional as applied to him, his equal protection and due process challenges are procedurally flawed. Appellant did not raise these latter arguments at trial. This court will limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it. *Schatz v. Davis,* 354 N.W.2d 522, 524 (Minn.Ct.App.1984). Thus, this court will not consider appellant's equal protection and due process challenges.[FN1]

Concerning the challenge to the constitutionality of the statute, appellant confuses the concept of right to travel with the privilege of operating a motor vehicle upon the public highways. The Minnesota Supreme Court said in *Anderson v. Commissioner of Highways,* 126 N.W.2d 778, 784 (Minn.1964):

Permission to operate a motor vehicle upon the public highways is not embraced within the term "civil rights" and is in the nature of a license or privilege. While the privilege is a valuable one, and may not be unreasonably or arbitrarily taken away, its enjoyment depends upon compliance with conditions prescribed by law and is always subject to such regulation and control as public authority may see fit to impose under the police power in the interest of public safety and welfare.

*Anderson, supra.* See also 7A Am.Jur.2d, *Automobiles and Highway Traffic* § 97 (1980). Appellant in his own brief admits "[t]his is not to conclude or infer that such rights, as secured by the constitutions, are absolute rights and not subject to certain reasonable regulations that would promote public welfare and the free and equal exercise of such rights by citizens. To the contrary, this is one of the duties of the state legislature."

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)
**(Cite as: 1988 WL 113752 (Minn.App.))**

***4** The challenged statutes do not infringe upon appellant's right to travel, but merely regulate the use of motor vehicles upon public highways in the interest of public safety. "Statutes have been commonly enacted in the various states requiring drivers or operators of motor vehicles to obtain a license as a condition of the right to drive such vehicles upon the public highways." 7A Am.Jur.2d, *Automobiles and Highway Traffic* 96 (1980) (citations omitted). "The fundamental purpose underlying the enactment of such statutes is to insure a minimum of competence and skill on the part of drivers of motor vehicles generally, so as to protect third persons who might otherwise be injured or else have their property damaged by the negligent or reckless operation of vehicles on the public highways." *Id.* Appellant fails to meet his burden of proving the statute unconstitutional beyond a reasonable doubt.

II.

*Vehicle Registration and License Plate Display*

Appellant challenges his conviction for violating Minn.Stat. 169.79 (1986), failure to display license plates, which provides in pertinent part:

No person shall operate, drive or park a motor vehicle on any highway unless the vehicle is registered in accordance with the laws of this state and has the number plates for the current year only, as assigned to it by the commissioner of public safety, conspicuously displayed thereon in a manner that the view of any plate is not obstructed.

Appellant argues: (1) the registration of an automobile imposes a privilege tax; (2) the state cannot make a privilege of something that is already a right; (3) the registration fee is a revenue measure and is not incident to the power to regulate; (4) a privilege or license tax can only apply to commercial activity; (5) the tax violates the principle that roads are to be free for all; (6) the tax as applied taxes appellant's constitutional right to travel on the public roads; and (7) the tax creates a distinction in rights between travelers using automobiles and travelers using other modes of conveyance.

Generally, statutes providing for the licensing or registration of motor vehicles and the levying of a concomitant tax or fee have been held to constitute valid enactments not in violation of any provision of state or federal constitutions. *Carley & Hamilton v. Snook,* 281 U.S. 66 (1930). State legislatures may, in the exercise of their police and revenue powers enact reasonable regulations requiring the licensing or registration of motor vehicles, the prime purpose of which being to supervise vehicles, their movement and control, and to establish their identity in relation to the public and to any resultant damage or injury they may occasion; in this way proper supervisory authority may be invoked when it becomes necessary to verify the owner of the vehicle. 7A Am.Jur.2d *Automobiles and Highway Traffic* § 51 (1980) (citations omitted). Here, the legislature could have concluded that license plates are the best method of identification, both of the vehicle and of the owner or operator, for in case of accident, the name of the owner can be readily ascertained from the license number, and through him the name of the operator.

*__5__ Regarding the license fee or tax, the U.S. Supreme Court has decided the character of the tax:

We think it plain that the levy [license tax] is an excise for the privilege of using the highways * * * The car cannot use the highways unless it is paid. The statute contains the usual provisions for registration, issuance and display of number plates, etc.

*Storaasli v. State of Minnesota,* 283 U.S. 57 (1931). Appellant's arguments against the tax again confuse the right to travel with the privilege of operating a motor vehicle upon the public highways. Fur-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)
**(Cite as: 1988 WL 113752 (Minn.App.))**

ther, appellant misconstrues the license tax as a "privilege tax" whereas the U.S. Supreme Court characterized it as an "excise tax." A privilege tax is levied on a business or occupation for which a license or franchise is required. *Black's Law Dictionary* 1078 (5th ed. 1979). An excise tax is a tax imposed on the performance of an act or enjoyment of a privilege. *Black's Law Dictionary* 506 (5th ed. 1979). Appellant's arguments against vehicle registration are defeated by longstanding case law. The trial court did not err by concluding that, as a matter of law, appellant failed to meet his burden.

III.
*Traffic Regulation: Speeding*

Appellant challenges his conviction for violating Minn.Stat. § 169.16 (1986), speeding on bridge, which in relevant part states:

No person shall drive a vehicle over any bridge or other elevated structure constituting a part of a highway at a speed which is greater than the maximum speed which can be maintained with safety to such bridge or structure, when such structure is sign-posted as provided in this section.

Appellant argues: (1) "traffic" means "commerce," thus Chapter 169, which provides rules and regulations for "traffic" activity meaning "commercial" activity, does not apply to appellant's non-commercial activity; (2) Chapter 169 is vague and ambiguous; (3) the traffic officer did not have statutory jurisdiction to arrest appellant because appellant does not come under the purview of any statutes the officer used in charging him; and (4) appellant complied with his common law duty of keeping a reasonable lookout as to traffic conditions, and keeping the motor vehicle driven by him under reasonable control.

Appellant's arguments are not persuasive. In the exercise of legitimate police power, states may regulate the speed of motor vehicles, and have done so since the early days of cars. *State v. Waterman,* 112 Minn. 157, 158, 127 N.W. 473 (1910) (statute regulating speed of automobiles constitutional). The statutory provision relative to speed of motor vehicles is for the benefit of all who may be injured in person or property from the unreasonable or excessive speed of such vehicles. *Fairchild v. Fleming,* 125 Minn. 431, 147 N.W. 434 (1914).

Appellant's only argument of vagueness pertains to the use of the word "traffic" in Chapter 169, Highway Traffic Regulation. Appellant argues the word "traffic" as defined does not include an automobile using the public highway for purposes of travel. Appellant's argument, however, is not supported by the statute. Section 169.16, under which appellant was charged, uses the word "vehicle" defined as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." Minn.Stat. § 169.01, subd. 2 (1986). Moreover, Chapter 169 defines "traffic" to include "vehicles." Minn.Stat. § 169.01, subd. 44 (1986). Thus, appellant's argument of vagueness is without merit.

**\*6** In each constitutional challenge, appellant fails to carry his burden of proof that the statutes are unconstitutional beyond a reasonable doubt. Every presumption is in favor of the constitutionality of a statute regularly enacted through the legislative process. Appellant admits that the right to travel is not absolute, and is subject to reasonable regulation. The trial court properly found that Minnesota's regulations are reasonable, pertinent to the items they seek to regulate, not in violation of due process rights, and appellant's constitutional challenge failed.

The trial court did not err by concluding that the challenged Minnesota motor vehicle and driver licensing statutes are constitutional, and by finding

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)
**(Cite as: 1988 WL 113752 (Minn.App.))**

appellant violated those statutes.

Affirmed.

> FN* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

> FN1. Although we need not consider appellant's equal protection and due process challenges, we note those challenges are contrary to existing case law.
>
> Appellant's equal protection argument is that registration of motor vehicles creates a class distinction "between modes of conveyance used in travel by taxing one mode of travel and not others," i.e., bicycles, horse and carriage. Appellant's argument is not supported by case law. The United States Supreme Court has held that 'equal protection' with respect to classification for taxation purposes, does not require identity of treatment, but only that classification rests on real and not feigned differences, that the distinction have some relevance to purpose for which classification is made, and that the different treatments be not so disparate, relative to difference in classification, as to be wholly arbitrary. Walters v. City of St. Louis, Mo., 347 U.S. 231, 237 (1954). The legislature of each state may, in the exercise of the police power, enact reasonable regulations requiring the licensing or registration of motor vehicles * * *. Continental Baking Co. v. Woodring, 286 U.S. 352 (1932). "The state is not limited to the imposing of license or registration fees under the police power alone; it may impose such a fee or tax for revenue purposes * * * [and] for the purpose of constructing and maintaining the public highways." 7A Am.Jur.2d, Automobiles and Highway Traffic 55 (1980) (citations omitted). Appellant's due process argument is that the towing and impounding of his motor vehicle without his consent violates his right to property. This argument is also contrary to existing case law. "A municipality may by ordinance validly authorize its officers summarily, and without judicial process, to impound automobiles left unattended in the streets in violation of parking regulations, and may subject the owners to a reasonable fee commensurate with the cost of enforcement and removal * * * such ordinance does not violate the constitutional right of a vehicle owner to due process of law." 7A Am.Jur.2d, Automobiles and Highway Traffic § 284 (1980) (citations omitted).

Minn.App.,1988.
State v. Weisman
Not Reported in N.W.2d, 1988 WL 113752 (Minn.App.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.