UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID B. TRIEMERT, | Case No. 13-CV-1312 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| WASHINGTON COUNTY; SHERIFF WILLIAM HUTTON; CHIEF DEPUTY SHERIFF DAN STARRY; COMMANDER CHERI DEXTER; TOM MCCARTHY, Lake St. Croix Beach Mayor; SHERIFF'S DEPUTY NICK SULLIVAN; and JOHN AND JANE DOES, | |
| Defendants. | |

David B. Triemert, pro se.

Nigel H. Mendez, CARLSON & ASSOCIATES, LTD., for defendants Washington County, Sheriff William Hutton, Chief Deputy Sheriff Dan Starry, Commander Cheri Dexter, and Sheriff's Deputy Nick Sullivan.

Ryan M. Zipf, LEAGUE OF MINNESOTA CITIES, for defendant Tom McCarthy.

This matter is before the Court on the objection of plaintiff David B. Triemert to the November 18, 2013 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron. In that R&R, Judge Mayeron recommends dismissing each of Triemert's federal-law claims pursuant to Fed. R. Civ. P. 12(b)(6) and declining to exercise supplemental jurisdiction over Triemert's remaining state-law claims. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

Triemert does not contend that the R&R mischaracterized any allegation in his complaint or misapplied any principle of law. Instead, Triemert contends only that he is entitled to take discovery before his claims are dismissed.

Triemert is mistaken.  To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[T]he plausibility inquiry properly takes into account whether discovery can reasonably be expected to fill any holes in the pleader's case."  *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013).  This is because "a complaint must contain 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' sufficient to flesh out a viable claim."  *Butler v. Balolia*, 736 F.3d 609, 618 (1st Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).  In other words, a claim is implausible *because* discovery is unlikely to reveal evidence supporting it, and "dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery" that is likely to be futile.  *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013).  For that reason, "[a] plaintiff is not entitled to discovery before a motion to dismiss . . . ."  *Id.*

Triemert suggests that his status as a pro se litigant nevertheless entitles him to take discovery prior to the dismissal of his claims.  But "pro se litigants must still allege sufficient facts to state a plausible claim for relief."  *Ellis v. City of Minneapolis*, 518 Fed. Appx. 502, 504 (8th Cir. 2013) (per curiam).  Again, *before* any litigant (including a pro se litigant) is entitled to take discovery, the plaintiff must first plead a plausible claim for relief — and, in determining whether the plaintiff has pleaded a plausible claim for relief, the court will take into account whether discovery is likely to uncover evidence supporting that claim.  If no such evidence is likely to be uncovered, dismissal under Rule 12(b)(6) is warranted, regardless of whether the person bringing the claim is represented by counsel or acting pro se.

The Court finds, for the reasons stated in the R&R, that Triemert has failed to allege a plausible claim for relief.  Many of Triemert's claims were dismissed for purely legal reasons; for example, no amount of discovery will change the fact that the Minnesota statutes that Triemert was arrested (and, to some extent, convicted) for violating are constitutional.  Although Triemert contends that he needs further discovery to pursue his other claims, he does not state what facts he might uncover during the course of that discovery, why he thinks he might uncover those facts, or how those facts (if uncovered) would render his claims plausible.  A plaintiff's expression of the hope that, if he were allowed to take discovery, something might turn up that would support one of his claims is not a sufficient basis for overcoming a motion to dismiss.  If it were, Rule 12(b)(6) motions would rarely be granted, as any plaintiff in any case can argue that, if he is allowed to take discovery, he might find something helpful.  The law demands more of plaintiffs.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES the objection of plaintiff David B. Triemert [ECF No. 42] and ADOPTS the November 18, 2013 R&R [ECF No. 41].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motions to dismiss [ECF Nos. 13, 24, & 29] are GRANTED.
2. Counts I, II, III, XII, and XIII of the complaint are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. Counts IV, V, and XI of the complaint are DISMISSED WITHOUT PREJUDICE.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 19, 2013                        s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge

---

[1] Triemert's complaint skips from Count V to Count XI; there is no Count VI, VII, VIII, IX, or X.